

**ENTERED**
**02/29/2008**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) ) ) | |
| KENDRA B. WILSON, | ) ) | CASE NO. 08-80023-G3-13 |
| Debtor, | ) ) ) | |

## MEMORANDUM OPINION

The court has held a hearing on the "Debtor's Motion for Continuation of the Automatic Stay Pursuant to 11 U.S.C. § 362(c)(3)(B)" (Docket No. 11). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the motion in part. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Kendra B. Wilson ("Debtor") filed the voluntary petition in the instant case under Chapter 13 of the Bankruptcy Code on January 23, 2008.

On July 11, 2006, Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code, in Case No. 07-34656-H3-13.  In Case No. 07-34656-H3-13, Debtor failed to make plan payments, and failed to appear for the meeting of creditors.  The first case was dismissed before confirmation, on the motion of the Chapter 13 Trustee, by order entered October 11, 2007.

Debtor testified that she was unable to make any payments in her previous case because she became sick, and was laid off from her job.  She testified that she missed the meeting of creditors because she was sick, and was unaware of the meeting.

Debtor testified that she agreed, in the previous case, to surrender her interest in her home.  She testified that her mother continues to own the house.  She testified that her family will be moving to an apartment.

In the instant case, Debtor's plan provides for Debtor to make 60 payments of $1,400 per month.  Debtor proposes to pay $41,312.00, at 8.5 percent interest, on a claim secured by a 2006 Hummer H3, $18,762.50 on a claim secured by a second vehicle (which Debtor testified is driven by her mother), $2,692 on a claim secured by leased furniture, and $2,155.45 to unsecured creditors (representing approximately 6 percent of the estimated unsecured claims).  (Docket Nos. 2, 3).

Debtor's schedules indicate that she earns $2,268.40 per month in net income from her employment. She relies on this income, plus a $2,000 per month contribution from her fiancé, a $700 per month contribution from her mother, and $1,800 per month in income from a business. Debtor testified that she inadvertently omitted $700 per month in child support that she receives.

Debtor testified that she bought the 2006 Hummer in July, 2006, and that she and her mother bought their home in August, 2006. She testified that the monthly mortgage payment on the home was approximately $3,250. Debtor testified that she last made a payment on the 2006 Hummer in December, 2006.

In the instant motion, Debtor seeks the continuation of the automatic stay as to all creditors. The motion is opposed by GMAC, the holder of the claim secured by the 2006 Hummer.

<u>Conclusions of Law</u>

Section 362(c)(3) of the Bankruptcy Code provides:

(c) Except as provided in subsections (d), (e), (f), and (h) of this section--

* * *

(3) if a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)--

(A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;

(B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed; and

(C) for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)--

  (i) as to all creditors, if--

  (I) more than 1 previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was pending within the preceding 1-year period;

  (II) a previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was dismissed within such 1-year period, after the debtor failed to--

    (aa) file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be a substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney);

    (bb) provide adequate protection as ordered by the court; or

    (cc) perform the terms of a plan confirmed by the court; or

4

>> (III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, or 13 or any other reason to conclude that the later case will be concluded--
>
>> > (aa) if a case under chapter 7, with a discharge; or
>> >
>> > (bb) if a case under chapter 11 or 13, with a confirmed plan that will be fully performed; and
>
> (ii) as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, that action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to actions of such creditor.

11 U.S.C. § 362(c)(3).

In the instant case, Debtor has filed an individual case under Chapter 13 within one year after a preceding Chapter 13 case was pending.

With respect to the question of whether a presumption applies that the instant case was not filed in good faith, the presumption does not apply pursuant to Section 362(c)(3)(C)(i)(I) or Section 362(c)(3)(C)(i)(II).

The question of whether the presumption applies under Section 362(c)(3)(C)(i)(III) depends on whether there has been a substantial change in the financial or personal affairs of the debtor or any reason to conclude that the later case will be concluded with a confirmed plan that will be fully performed.

The Debtor bears the burden of proof on the question of whether the presumption applies under Section 362(c)(3)(C)(i)(III) by a preponderance of the evidence.  In re Charles, 334 B.R. 207 (Bankr. S.D. Tex. 2005).

In the instant case, the preponderance of the evidence narrowly supports Debtor's contention that there has been a substantial change in her financial affairs.  Debtor has obtained new employment, and purportedly intends to surrender her home (although that future intent carries little weight in light of Debtor's stated intention to surrender the property in the first case).  The court concludes that the presumption does not apply pursuant to Section 362(c)(3)(C)(i)(III).

Because the presumption does not apply in the instant case, Debtor bears the burden of proof of good faith in the instant case as to the creditors to be stayed by the preponderance of the evidence.  In re Collins, 335 B.R. 646 (Bankr. S.D. Tex. 2006).

Debtor purchased the 2006 Hummer in July, 2006, made four payments, and retained use of the vehicle throughout 2007, before, during, and after the previous case, without making any further payments.  Debtor did not present evidence showing that the 2006 Hummer was particularly adapted to her needs.  Debtor's income expectations rely on extensive contributions from her fiancé and her mother.  Debtor presented no evidence as to the

reliability that such contributions would be made.  The court concludes that Debtor has failed to meet the burden of proof of good faith as to GMAC.  As to the remainder of the creditors Debtor has met the burden of proof.

Based on the foregoing, a separate Judgment will be entered granting the motion as to all creditors except GMAC.

Signed at Houston, Texas on February 29, 2008.

*/s/ Letitia Z. Clark*
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE